## Megraw's Estate.

*Decedent's estate—Sale of real estate—Fraud—Bill of review.*

In a bill of review to set aside the sale of real estate as collusive and fraudulent, the bill alleged that the sale was a fraudulent one to the widow, through another person. The only evidence in support of the bill was that the widow remained on the premises after the sale, and that some years thereafter the purchaser conveyed the property to her.

Under such circumstances the bill will be dismissed.

Argued October 7, 1925. Appeal No. 27, October T., 1925, by Franklin Spencer Edmonds et al., from decree of O. C. Philadelphia County, October T., 1911, No. 659, in the Estate of John Megraw, Deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill of review to set aside the sale of real estate. Before GEST, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Franklin Spencer Edmonds and Charles I. Cronin, appealed.

*Errors assigned* were the dismissal of exceptions to Master's report and the decree of the court.

*E. Spencer Miller*, for appellants.—The petitioners lifted the burden of proof, and a presumption of a breach of trust arose, which the respondents could not meet by merely falling back upon their answer: Shuman's Appeal, 27 Pa. 64; Campbell v. McLain, 51 Pa. 200; Kepler v. Davis, 80 Pa. 153; Grim's Appeal, 105 Pa. 375; Hall's Appeal, 40 Pa. 409; Taylor v. Haskell, 178 Pa. 106.

*J. H. Buckman*, of *Buckman & Buckman*, for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

An examination of the record brought up on the appeal makes it apparent that the relief sought by the bill depends on the ability of the appellant to show that the sale of the real estate at Ventnor, New Jersey, was collusive, and that the return of the executors that it was made to John B. Moore, although true in form, was not true in fact—Mrs. Megraw, the widow of the decedent and one of the executors, being the actual purchaser. The partial account of the executors covering the transaction of the sale of that property having been confirmed in August, 1913, and distribution having been made in accordance with the account there exhibited, the petitioners must invalidate the sale to secure the relief sought. The respondents denied directly and comprehensively that the property was bought by or for Mrs. Megraw and alleged that the sale was regular and bona fide for a fair and adequate consideration. The burden of proof was on the petitioners therefore to establish by sufficient evidence the truth of their averments with respect to the irregularity of the sale. This the learned master found they had not done. He therefore decided against the application for a review of the account and recommended the dismissal of the bill. This report was approved and confirmed by the Orphans' Court and the only question properly for consideration now is whether the averments of the bill for review were sustained by testimony. A consideration of the evidence brought up brings us to the opinion that the master's report was well founded. No evidence was introduced from which the master or the court below would have been warranted in setting aside the sale to Moore. The fact that Mrs. Megraw remained in the house or that she caused the premises to be taken care of after the sale was not sufficient to show that the transaction was fraudulent on the part of the executors. The house is apparently that willed to her

by her husband and was her home, and her presence there was presumably on consent of the purchaser at the executor's sale. If not, it was incumbent on the proponents to show the contrary. Nor is the fact that some years after the executor's sale, Moore conveyed to Mrs. Megraw sufficient to avoid the title of Moore. If that was part of the plan formed before the executor's sale to enable Mrs. Megraw to become the owner that should have been proved by competent evidence. Very properly therefore the master and the court failed to sustain the averments of the bill of review.

The decree is affirmed and the appeal dismissed at the cost of the appellants.